**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THERESA ESCHETE**                                              **PLAINTIFF**

**v.**                                              **Civil No. 1:16CV89-HSO-JCG**

**JIM WILSON & ASSOCIATES, LLC
and CRUISIN' THE COAST, INC.**                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CRUISIN' THE COAST, INC.'S FIRST MOTION FOR SUMMARY JUDGMENT [56], DENYING AS MOOT DEFENDANT CRUISIN' THE COAST, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT [54], AND GRANTING IN PART AND DENYING IN PART DEFENDANT JIM WILSON & ASSOCIATES, LLC'S MOTION FOR SUMMARY JUDGMENT [58]

BEFORE THE COURT are the Motion for Summary Judgment [58] filed by Defendant Jim Wilson & Associates, LLC; the First Motion for Summary Judgment [56] filed by Defendant Cruisin' the Coast, Inc.; and the Second Motion for Summary Judgment [54] filed by Defendant Cruisin' the Coast, Inc. These Motions are fully briefed. After due consideration of the record, the submissions on file, and relevant legal authority, the Court finds that Defendant Jim Wilson & Associates, LLC's Motion for Summary Judgment [58] should be granted in part and denied in part; that the First Motion for Summary Judgment [56] filed by Defendant Cruisin' the Coast, Inc. should be granted; and that the Second Motion for Summary Judgment [54] filed by Defendant Cruisin' the Coast, Inc. should be denied as moot. This case will be dismissed with prejudice.

1

I.   <u>BACKGROUND</u>

A.   <u>Factual Background</u>

This case arises out of a trip and fall incident involving Plaintiff Theresa Eschete ("Plaintiff") that occurred while she and her husband, Carol Eschete, Jr. ("Mr. Eschete"), were attending a "Cruisin' the Coast" event at Edgewater Mall in Biloxi, Mississippi, on October 11, 2013.   Am. Compl. [21] at 3.   The annual car show was hosted by Defendant Cruisin' the Coast, Inc. ("CRC"), which had obtained permission to use the parking lot at Edgewater Mall, which was operated by Defendant Jim Wilson & Associates, LLC ("JWA").[1]   *Id*. at 2.

The Amended Complaint [21] alleges that Plaintiff and her husband were walking around the Edgewater Mall parking lot and viewing the classic automobiles parked at the event when she stepped "into a hole about 6 inches wide, by about 7 inches deep" in the parking lot.   *Id*. at 3-4.   Plaintiff claims that she sprained her right ankle and broke her left leg as a result.   *Id*. at 4.   In her deposition, however, Plaintiff was unable to precisely describe the characteristics of the hole, including its depth:

> Q. All right. Can you describe for me what you fell on?
> A. A hole in the - - it was black, I guess, asphalt.
> Q. And it was a circle, rectangle, what shape was it in?
> A. To the best of my knowledge, it was probably a circle, maybe about a size of a plate or a saucer maybe, I don't know how deep.
> Q. So maybe the size of a dinner plate?
> A. I think smaller than a dinner plate, bigger than a saucer.

---

[1] According to JWA, Edgewater Mall is managed by JWA and is owned by American National Insurance Company, which is not a party to this lawsuit.   JWA Mot. Summ. J. [58] at 1 n.1.

> Q. But you don't know how deep it was?
> A. No.
>
> * * *
>
> Q. And you told [counsel] that the hole was about as big around as a
> dinner plate?
> A. Smaller, probably between a dinner and a saucer.
> Q. Between a dinner and a saucer. And you don't know how deep it
>    was?
> A. No. I could guess, but it would be guessing.
>
> * * *
>
> Q. And you didn't see the hole before you fell?
> A. No.
> Q. And you don't know what caused the hole to be there?
> A. No.
> Q. You don't know how long it had been there?
> A. No.
> Q. Was there anything, a piece of paper, a napkin, anything that was
>    covering the hole that would have caused it to be hidden from your
>    view as you walked along the parking lot?
> A. Not that I remember.

Pl.'s Dep. [56-1] at 42, 84-86.

Mr. Eschete testified that, although he was walking behind his wife when she

fell, he did not actually see her fall.   Mr. Eschete Dep. [56-2] at 15.   Mr. Eschete

did not describe the hole in his deposition, and he did not know what caused

Plaintiff to trip:

> Q. Okay. Do you know why she fell?
> A. She must have walked into a hole on the parking lot.
> Q. You said she must have?
> A. Yes.
> Q. Do you know that's why she fell or you're just guessing.
> A. I guess I'm guessing.
>
> * * *
>
> Q. All right. Now, after your wife fell, did you look around and see if
>    you could find anything that maybe caused her to fall?
> A. No, sir.
> Q. Do you have any idea why she fell?

3

> A. No, sir.
> Q. Did you ever ask why she fell?
> A. No, sir.

*Id.* at 15, 19.   Mr. Eschete further testified that he had not spoken to any other

witnesses to the accident.   *Id.* at 26.

Defendants describe the area at issue as a minor depression in the asphalt, of

the type that visitors would normally expect to see in a parking lot.   *See* Mem.

Supp. CTC's First Mot. Summ. J. [57] at 7; Mem. Supp. JWA's Mot. Summ. J. [59]

at 17.   The general manager of the mall, Terry Powell ("Mr. Powell"), testified that

the premises in that vicinity was inspected daily by maintenance and security

personnel.   Powell Dep. [56-3] at 4, 6.   Mr. Powell also testified that there had

been no previous slip and fall incidents in the subject parking lot prior to October

2013.   *Id.* at 7-8.

Kenneth Ravenell ("Mr. Ravenell"), a mall security officer who was present

on the day of the accident, stated that he observed a "clearly visible small

depression in the asphalt that can best be described as though someone had

dropped a bowling ball in the asphalt and created a rounded depression."   Ravenell

Aff. [58-4] at 2.   Mr. Ravenell took five color photographs of the subject area shortly

after the accident.   *Id.*   The photographs depict a depression matching the

description provided in Mr. Ravenell's Affidavit [58-4].   *See* Photographs [56-4].

B.   <u>Procedural History</u>

Plaintiff filed her Complaint [1-1] in the Circuit Court of Harrison County,

Mississippi, Second Judicial District, on February 12, 2016, naming JWA and

4

Edgewater Mall as Defendants.   Compl. [1-1] at 2.   JWA removed the case to this Court on March 9, 2016, invoking jurisdiction based upon diversity of citizenship. Not. of Removal [1] at 1–2.   On May 16, 2016, Plaintiff voluntarily dismissed Defendant Edgewater Mall.   Not. of Vol. Dismissal [14] at 1.

On June 29, 2016, Plaintiff filed an Amended Complaint [21] adding CTC, a Mississippi corporation, as a Defendant.   Am. Compl. [21] at 2.   Plaintiff advances negligence claims against Defendants for allegedly breaching their legal duties owed to Plaintiff as a business invitee.   *Id*. at 4.   In relevant part, Plaintiff contends that Defendants failed to maintain the premises in a reasonably safe condition; failed to properly inspect and maintain the premises to protect Plaintiff from the danger of reasonably foreseeable injury from occurring; and failed to warn Plaintiff of the existence of the dangerous condition.   *Id.*   As a direct and proximate result of Defendants' negligence, Plaintiff alleges that she has suffered severe personal injuries, including physical pain, nervous shock, and mental anguish; loss of enjoyment of life; permanent weakness and disability; lost wages and future income; and past and future medical expenses.   *Id*. at 5.

Defendants now move for summary judgment on Plaintiff's claims.   In its First Motion for Summary Judgment [56], CTC asserts that it did not breach any duty owed to Plaintiff because the area Plaintiff claims caused her injury did not constitute an unreasonably dangerous condition.   CTC's First Mot. Summ. J. [56] at 2.   CTC argues that the "small depression in the parking lot" does not qualify as

an unreasonably dangerous condition under Mississippi law.   *Id.* at 1.

In the alternative, CTC seeks summary judgment on grounds that Plaintiff held the status of a licensee, rather than invitee, at the time of the incident.   CTC's Second Mot. Summ. J. [54] at 1.   CTC argues that because the duty owed to a licensee is to refrain from willfully or wantonly injuring the licensee, and because there is no evidence that CTC willfully or wantonly injured Plaintiff, Plaintiff's claims must be dismissed.   *Id.* at 2.

JWA also contends that it is entitled to summary judgment because, as a licensee, Plaintiff cannot establish that JWA willfully or wantonly injured her. JWA's Mot. Summ. J. [58] at 7.   Alternatively, even if Plaintiff is classified as an invitee, JWA argues that the "clearly visible small depression in the asphalt" was a normally occurring condition which was not unreasonably dangerous as a matter of law.   *Id.* at 8.   JWA further maintains that, even if a genuine issue of fact exists regarding whether the depression in the pavement was a dangerous condition, Plaintiff cannot demonstrate that JWA either caused the dangerous condition or had actual or constructive knowledge of it.   *Id.* at 9.   In addition, JWA argues that liability for Plaintiff's injuries, if any, belongs to CTC because CTC was in control of the area of the parking lot where Plaintiff fell on the day of the incident.   *Id.* at 11-12.

CTC has responded in opposition to JWA's Motion with respect to JWA's assertion that CTC controlled the area of the parking lot where Plaintiff fell, rather

than JWA.   CTC's Resp. to JWA Mot. [65] at 1-2.   CTC argues that JWA is not entitled to summary judgment on this basis because there is sworn testimony that JWA maintained a substantial degree of control over the area in question.   *Id*. at 3.

Plaintiff opposes Defendants' Motions, arguing that she qualified as an invitee of Defendants and that any dispute over her status as an invitee or licensee is a factual determination for the jury.   Pl.'s Resp. to JWA Mot. [64] at 5; Pl.'s Resp. to CTC's Second Mot. [63] at 5.   Plaintiff further argues that whether the depression in the parking lot constituted an unreasonably dangerous condition presents a genuine issue of material fact that precludes summary judgment, particularly because no one measured the depression before it was filled a few days after the accident occurred.   Pl.'s Resp. to JWA Mot. [64] at 7; Pl.'s Resp. to CTC's First Mot. [62] at 7.   Plaintiff "concedes that she cannot prove that [JWA] committed a negligent act or had actual knowledge" of the depression, but maintains that she can establish that JWA had constructive knowledge of the dangerous condition such that summary judgment in favor of JWA would be improper.   *Id*. at 8.

## II.   <u>DISCUSSION</u>

### A.   <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R.

CIV. P. 56(a).   "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."   *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"   *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).   If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate."   *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249).   In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party.   *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

B.   Premises Liability Under Mississippi Law

Because this is a case arising under the Court's diversity jurisdiction, Mississippi substantive law applies.   *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).   Under Mississippi law, the fact that a plaintiff was injured on a defendant's property does

8

not by itself establish that the owner was negligent.   *See Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 87 (Miss. 2013).   "To recover on a negligence claim, a plaintiff must show that the defendant breached a particular duty owed to the plaintiff, and that the breach of duty proximately caused damages."   *Adams v. Hughes*, 191 So. 3d 1236, 1240 (Miss. 2016) (quotation omitted).   Summary judgment is appropriate if a plaintiff cannot make a prima facie showing of all of the elements to support her claim.   *Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012).

Because Plaintiff's negligence claims are grounded in premises liability law, the Court applies Mississippi's three-step analysis of premises liability claims:

> first, the court must determine the status of the injured party as invitee, licensee, or trespasser; second, based on the injured's status, the court must determine what duty the landowner/business operator owed the injured party; and third, the court must determine whether the landowner/business operator breached the duty owed the injured party.

*Thomas v. Columbia Grp., LLC*, 969 So. 2d 849, 852 (Miss. 2007) (citation omitted).

> [A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage . . . A licensee is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner[,] whereas a trespasser is one who enters upon another's premises without license, invitation, or other right.

*Corley v. Evans*, 835 So. 2d 30, 37 (Miss. 2003) (quotation omitted).

> The difference in classification is important; a landowner owes a much higher duty of care to invitees than he or she does to licensees.   The landowner owes an invitee the duty to keep the premises reasonably safe

and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.   On the other hand, the landowner owes a licensee the duty only to refrain from willfully or wantonly injuring him.

*Olier v. Bailey,* 164 So. 3d 982, 986-87 (Miss. 2015) (internal quotations and citations omitted).

C.     Analysis of Plaintiff's Claim

The parties in this case dispute whether Plaintiff qualified as an invitee or a licensee at the time of her fall.   *See* JWA's Mot. Summ. J. [58] at 5-7; Pl.'s Resp. to JWA Mot. [64] at 5.   If Plaintiff was a licensee, her claims against Defendants must fail because the record in this case is devoid of any evidence that either Defendant acted willfully or wantonly, resulting in Plaintiff's injury.   *See Olier*, 164 So. 3d at 986-87.

If Plaintiff was an invitee, as she claims, Defendants owed her a duty to maintain the premises in a reasonably safe condition and to warn of any dangerous conditions not readily apparent about which Defendants knew, or should have known, through the exercise of reasonable care.   *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199-1200 (Miss. 2008).   Viewing the facts in the light most favorable to Plaintiff, and assuming *arguendo* that Plaintiff qualified as an invitee, the threshold question presented is whether there is a genuine issue of material fact as to whether a dangerous condition existed in the parking lot that caused Plaintiff to fall.

As a general matter,

> Mississippi courts have repeatedly held that normally encountered dangers such as curbs, sidewalks, and steps will not be considered hazardous conditions.    These normally occurring dangers often contain cracks and changes in elevation; they do not become hazardous conditions simply because they contain minor imperfections or defects.

*Parker v. Wal-Mart Stores, Inc.,* 261 F. App'x 724, 726–27 (5th Cir. 2008); *cf.*

*Rodriguez v. GPI MS-N, Inc.,* No. 1:15cv255-RHW, 2016 WL 5720765, at *2 (S.D.

Miss. Oct. 3, 2016) (distinguishing from the long line of precedent finding that

potholes were not dangerous conditions because the plaintiff alleged that a hole in a

grassy median was concealed from view, thus creating a fact question of whether a

dangerous condition existed).

More specifically, numerous Mississippi decisions have held that potholes or

depressions in pavement are not dangerous conditions as a matter of law.    *See, e.g.*,

*Chance v. Wal-Mart E., L.P.*, No. 3:14cv363-WHB-RHW, 2015 WL 4496442, at *2

(S.D. Miss. July 23, 2015) ("Under Mississippi law, the complained of 'pothole' and

resulting difference in elevation in the parking lot is not a dangerous condition.");

*Quick v Strategic Restaurants Acquisition Co.*, No. 3:12cv301-CWR-LRA, 2013 WL

1305583, at *2 (S.D. Miss. Mar. 28, 2013) (holding that a pothole or shallow

depression in a parking was not an unreasonably dangerous condition under

Mississippi law); *City of Greenville v. Laury*, 159 So. 121, 122 (Miss. 1935) (holding

that no jury could have found that a crevice in a street varying from a half-inch to

three inches in width and depth and eighteen inches to two feet in length "was of

such character as to make the street unsafe for use by persons in the exercise of

reasonable care"); *Knight v. Picayune Tire Servs., Inc.*, 78 So. 3d 356, 358–59 (Miss.

11

Ct. App. 2011) (holding that an uneven surface in a store's asphalt parking lot was not an unreasonably dangerous condition as a matter of law).

The foregoing authority supports the conclusion that Defendants have established that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" with respect to the issue of whether the depression in the Edgewater Mall parking lot was an unreasonably dangerous condition under Mississippi law.   FED. R. CIV. P. 56(a).   Because Defendants have made a prima facie showing that they are entitled to summary judgment, the burden has shifted to Plaintiff to "designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075.   Mere allegations and conclusory statements are insufficient to defeat a motion for summary judgment.   *Id.*

Here, Plaintiff has not carried her burden.   The Court notes that, while Plaintiff's Amended Complaint [21] describes the area where Plaintiff fell as a "hole about 6 inches wide, by about 7 inches deep," nowhere in the competent summary judgment evidence, including Plaintiff's deposition or her three Responses filed in opposition to Defendants' Motions, does Plaintiff offer any additional description of the depression in this manner, and the record evidence does not support the allegations in her Amended Complaint.   Am. Compl. [21] at 3-4; *see* Pl.'s Resp. to JWA Mot. [64]; Pl.'s Resp. to CTC's First Mot. [62]; Pl.'s Resp. to CTC's Second Mot. [63].

The deposition testimony shows that neither Plaintiff nor her husband know how deep the depression was.   *See* Pl.'s Dep. [56-1] at 42, 84-86; Mr. Eschete Dep.

[56-2] at 15, 19, 32.   Although the depression has been filled and can no longer be measured, the Court has viewed the photographs of the subject area taken after the accident and concludes that they do not depict a seven-inch deep hole.   *See* Photographs [56-4].   Instead, the photographs are consistent with Mr. Ravenell's description of a "clearly visible small depression in the asphalt that can best be described as though someone had dropped a bowling ball in the asphalt and created a rounded depression."   Ravenell Aff. [58-4] at 2; *see also City of Biloxi v. Schambach*, 157 So. 2d 386, 392 (Miss. 1963) (finding no liability after examining photographs that were "a fair and accurate representation of the condition of the sidewalk at the time [the plaintiff] stumbled and fell").   Regardless of the exact dimensions of the depression, the Court finds that this was the type of condition that patrons would normally expect to encounter in a parking lot.   *See Jones v. Wal-Mart Stores E., LP*, 187 So. 3d 1100, 1106 (Miss. Ct. App. 2016) (affirming summary judgment when the plaintiff tripped over a pothole that was "four inches deep and four inches wide and twelve inches long," concluding that "[t]he crack at issue here, while perhaps slightly larger than those at issue in prior cases, remains a crack of the sort that customers of a business may normally expect to encounter as they traverse a parking lot or sidewalk").

Plaintiff has not submitted sufficient, competent summary judgment proof from which a reasonable jury would have a legally sufficient evidentiary basis to find that the depression in the pavement constituted a dangerous condition.   *See Anderson*, 477 U.S. at 248; *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286

13

(Miss. 1986) (affirming summary judgment in a slip and fall case when "[t]he only way a jury could have found against the defendants in this case was through unreasonable speculation").   The following excerpt is illustrative of Plaintiff's arguments that Defendants are not entitled to summary judgment:

> [Plaintiff] would argue that the circumstances in this case raise a dispute of fact as to whether the depression in the parking lot at the Jim Wilson & Associates, LLC., was unreasonably dangerous or not. While in the cited cases the hole and cracks had been measured [sic]. Here, the depression was filled within days of the accident. The Plaintiff nor the Defendant has any measurements of the depression. This may create a dispute in fact of whether the depression was unreasonably dangerous or not. If it does create a dispute of fact, then it should be submitted to a jury to decide. Therefore, Defendants [sic] motion for Summary Judgment should be denied.

Pl.'s Resp. to JWA Mot. [64] at 8.

Plaintiff has not submitted any competent proof to support her allegation that the "circumstances in this case" give rise to a dispute of material fact.   *Id.*; *see RSR Corp.,* 612 F.3d at 857 ("The court has no duty to search the record for material fact issues.").   The fact that the depression was not and cannot be measured does not by itself create a genuine issue for trial.   *See Little*, 37 F. 3d at 1075 ("[Plaintiff's] burden is not satisfied with 'some metaphysical doubt as to the material facts.'") (quoting *Matsushita*, 475 U.S. 574 at 586); *see also Jones,* 187 So. 3d at 1106 n.3 (affirming summary judgment for the defendant despite the fact that an uneven surface in asphalt had subsequently been filled, when photographs had been taken shortly after the accident and the defendant "was not obligated to leave an allegedly injury-causing crack in its parking lot indefinitely").   Viewing all facts

14

and inferences in the light most favorable to Plaintiff as the nonmoving party, the Court finds that these allegations, absent any supporting evidence, are insufficient to create a genuine issue of material fact as to whether the depression qualified as an unreasonably dangerous condition.

Because the Court concludes that the depression at issue here did not constitute an unreasonably dangerous condition under Mississippi law, Plaintiff cannot establish that Defendants breached any duty to her.   The Court need not reach the question of whether Plaintiff should be classified as an invitee or a licensee because Plaintiff cannot prevail against Defendants under either scenario.

Accordingly, CTC's First Motion for Summary Judgment [56] should be granted, and JWA's Motion for Summary Judgment [58] should be granted in part with respect to its assertion that the depression in the asphalt was not unreasonably dangerous as a matter of law.   *See* JWA's Mot. Summ. J. [58] at 8. JWA's Motion [58] will be denied as moot in all other respects.   Because the Court does not reach the issue of Plaintiff's classification as an invitee or a licensee, CTC's Second Motion for Summary Judgment [54] should also be denied as moot. Plaintiff's claims against JWA and CTC will be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendants are entitled to summary judgment because Plaintiff has not shown that there is a genuine issue of material fact as to whether the depression in the pavement constituted an unreasonably dangerous condition as a matter of law.

15

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [58] filed by Defendant Jim Wilson & Associates, LLC is **GRANTED IN PART** with respect to the Court's finding that the condition in the parking lot was not unreasonably dangerous as a matter of law.   In all other respects, the Motion [58] is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the First Motion for Summary Judgment [56] filed by Defendant Cruisin' the Coast, Inc. is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Second Motion for Summary Judgment [54] filed by Defendant Cruisin' the Coast, Inc. is **DENIED AS MOOT**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff's claims in this case are **DISMISSED WITH PREJUDICE**, and with costs.   A separate final judgment dismissing this civil action with prejudice will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE